Diane C. DONOVAN, on behalf of herself and all others similarly situated, Plaintiff,

v.

AMERICAN SKANDIA LIFE ASSURANCE CORPORATION, American Skandia Marketing, Incorporated, American Skandia Investment Holding Corporation, ABC Corp., Inc. 1 through ABC Corp., Inc. 99 and LMN Corp., Inc. 1 through LMN Corp., Inc. 99, Defendants.

No. 02 CV 9859(MP).

United States District Court, S.D. New York.

Sept. 2, 2003.

ON MOTION TO ALTER JUDGMENT AND AMEND COMPLAINT

POLLACK, Senior District Judge.

### DECISION AND ORDER

Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied. *See In re American Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir.1994) ("leave to amend may be denied if the amendment would be futile"); *see also Emergent Capital Inv. Management, LLC v. Stonepath Group, Inc.*, 195 F.Supp.2d 551, 563 n. 4 (S.D.N.Y.2002) (where plaintiff was given the opportunity to amend its complaint and submitted substantially the same complaint, the Court found no need to grant subsequent motion to submit yet another non-viable complaint). Plaintiffs themselves admit that "should the motion be granted, any motion to dismiss likely would present precisely the same arguments made in the first motion to dismiss." Plaintiff's Memo of Law in Support of Motion at 5.

For the reasons set forth herein and in this Court's decision and order dated July 31, 2003, Plaintiffs' motion to alter the judgment and amend the complaint is denied. Plaintiffs' main amendment would be to retract their hasty statement that it is "never appropriate" to fund a retirement savings account with a variable annuity. Instead, plaintiffs propose a formulation that is admittedly only a semantic difference. Plaintiffs' proposed amended complaint would now allege that it is "generally not appropriate" to fund a retirement savings account with a variable annuity. Nothing in plaintiffs' proposed amendment, however, does anything to challenge this Court's findings: (1) that NASD notices are not law and do not take the place of federal securities laws; (2) that SEC Form N–4 does not require a prospectus to state that certain uses of variable annuities are unnecessary or require a prospectus to offer advice as to when, for tax purposes or otherwise, to use a variable annuity in a retirement plan; (3) that the disclosures in the prospectus already served to alert all reasonable investors to the fact that it is unnecessary, if solely for tax reasons, to use a variable annuity to fund a tax-deferred retirement account; or (4) that because the prospectuses were issued more than two years before the filing of the suit, the disclosures therein also put the plaintiffs on inqui-

ry notice of their claims such that the statute of limitations bars their action.

The motion to alter the judgment and amend the complaint is denied.

**SO ORDERED.**