Diane C. DONOVAN, on behalf of
herself and all others similarly
situated, Plaintiff,

Jay Hendrickson, Rose Hendrickson,
Kathleen O'Brien, Plaintiffs–
Appellants,

v.

AMERICAN SKANDIA LIFE ASSUR-
ANCE CORPORATION, American
Skandia Marketing, Incorporated,
American Skandia Investment Corpo-
ration, ABC Corp., Inc., ABC Corp.,
Inc. 1 through ACB Corp., Inc. 99,
LMN Corp., Inc. 1 through LMN
Corp., Inc. 99, Defendants–Appellees.

Docket No. 03–7902.

United States Court of Appeals,
Second Circuit.

May 14, 2004.

Daniel W. Krasner, Wolf, Haldenstein, Adler, Freeman & Herz, LLP (Michael Jaffe, Robert B. Weintraub, Kate McGuire, on the brief), for Appellants.

James N. Benedict, Clifford Chance U.S. LLP (Robert G. Houck, Patrick L. Parker, Andrea Goldbarg, Gina Parlovecchio, James Lico, Catherine Duden–Kevane, Amy E. Gresh, on the brief), for Appellees.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN,[1] District Judge.

1. The Honorable Sidney H. Stein of the United States District Court for the Southern Dis-

## SUMMARY ORDER

On December 12, 2002, Plaintiffs–Appellants filed suit, on behalf of themselves and all other persons similarly situated, in the district court under sections 10(b) and 20 of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a); Rule 10b–5, 17 C.F.R. § 240.10b–5; sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l and 77o; and section 34(b) of the Investment Company Act of 1940, *id.* § 80a–33(b), charging that Defendants–Appellees misled prospective investors by suggesting in a prospectus for deferred annuities that such annuities may be appropriate investments to fund qualified retirement plans, without warning that the tax-deferred feature of deferred annuities would not provide an additional tax benefit because earnings in qualified retirement plans are already deferred. Plaintiffs further alleged control-person liability under section 20 of the Exchange Act, 15 U.S.C. § 78t(a), and section 15 of the Securities Act, *id.* § 77o.

The district court dismissed plaintiffs' claims with prejudice pursuant to Fed. R.Civ.P. 12(b)(6), concluding that the prospectus provided by defendants did not contain a misstatement of material fact nor did it omit a material fact. *See Donovan v. American Skandia Life Assur. Corp.,* No. 02 CV 9859, 2003 WL 21757260 (S.D.N.Y. Jul.31, 2003). The district court also denied plaintiffs' motion pursuant to Federal Rule of Civil Procedure 59(e) to alter the judgment to without prejudice and to amend the pleadings. *See Donovan v. American Skandia Life Assur. Corp.,* 217 F.R.D. 325 (S.D.N.Y.2003).

Plaintiffs now appeal, arguing that dismissal of the Securities Act and Exchange Act claims was improper and that the district court abused its discretion by denying

the Rule 59(e) motion; they have withdrawn their appeal of the dismissal of the Investment Company Act claim.

We review a dismissal pursuant to Rule 12(b)(6) *de novo. See Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 161 (2d Cir.2000). Dismissal is appropriate only if, accepting the material facts alleged in the complaint as true and drawing all reasonable inferences in plaintiffs' favor, we conclude that plaintiffs are not entitled to relief as a matter of law. *See id.*

To state a claim under section 10(b) of the Exchange Act, Rule 10b–5, or sections 11 or 12(a)(2) of the Securities Act of 1933, a plaintiff must plead facts establishing that defendants made an untrue statement of a material fact or made a material omission. *See* 15 U.S.C. § 77k(a) (providing that any signer, officer of the issuer, or underwriter shall be liable for a registration statement that "contain[s] an untrue statement of a material fact or omit[s] to state a material fact"); *id.* § 77l (imposing liability for making a securities offering "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements ... not misleading"); *see Ganino v. Citizens Utils. Co.,* 228 F.3d at 161 ("To state a claim under § 10(b) and the corresponding Rule 10b–5, a plaintiff must plead that defendant ... made a materially false statement or omitted a material fact....").

Plaintiffs submit that NASD Notice 99–35 and SEC Form N–4 imposed a duty on defendants to include an express warning in the prospectus that funding a qualified retirement plan with deferred annuities is "unnecessary" because earnings in qualified retirement plans are already deferred, and that the failure to include such a warning constitutes a material omission.

trict of New York, sitting by designation.

As the district court correctly observed, neither NASD Notice 99–35 nor SEC Form N–4 imposes a duty on defendants to include in its prospectuses the warning sought by plaintiffs. By its terms, NASD Notice 99–35 applies only to registered representatives recommending the purchase of a variable annuity; it does not require annuity issuers to include a warning in a prospectus or other offering documents. Furthermore, even if the Notice did apply to issuers, the prospectus challenged in this case does not recommend the purchase of annuities; it says only that annuities "may be [a] suitable" investment. Indeed, the prospectus specifically advises prospective investors to seek professional tax advice before purchasing annuities for use in a qualified plan. Prospectus at 41.

As to SEC Form N–4, the form requires issuers to describe the tax consequences of investing in a deferred annuity, and if the tax consequences vary depending on the use of the annuity, to describe those variations as well. SEC Form N–4, at 13. Although acknowledging that the prospectus adequately explains the ordinary tax consequences of an annuity, namely, that the gains on the annuity are not taxed until a distribution is made, plaintiffs suggest that using an annuity to fund a qualified retirement plan results in a variation in the tax consequences that requires explicit disclosure. We see the matter differently. Insofar as deferral is concerned, investing in a qualified plan does not change the tax consequences of investing in an annuity: whether or not the annuity is used to fund a qualified retirement plan, taxes will not be assessed until a distribution is made.

Nor did the failure to include the warning sought by plaintiffs constitute a material omission. An omission is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988); *accord Ganino v. Citizens Utils. Co.*, 228 F.3d at 161–62. Here, the prospectus clearly states that the investment gains on annuities are not taxable "until an amount is received (a 'distribution')," Prospectus at 39, and that contributions to qualified retirement plans are "not taxable until distributions are made," Prospectus at 42. From this information, the reasonable investor would know that, since taxes on qualified retirement plans are not assessed until a distribution is made, funding a replacement fund with deferred annuities would provide no additional tax advantage. Adding a warning stating that the tax-deferred feature of a deferred annuity is "unnecessary" when the annuity is to fund a qualified retirement plan investments thus would not have "significantly altered the total mix of information" in the prospectus.

Accordingly, we conclude that the district court properly dismissed plaintiffs' claims under section 10(b) of the Exchange Act, Rule 10b–5, and sections 11 and 12(a)(2) of the Securities Act. Because plaintiffs have failed to state a claim under these provisions, their control-person claims under section 20 of the Exchange Act, 15 U.S.C. § 78t(a), and section 15 of the Securities Act, *id.* § 77o, must be dismissed as well. *See Rombach v. Chang*, 355 F.3d 164, 177–78 (2d Cir.2004).

Since any attempt to state a claim based upon these facts would have been futile, and the amended complaint proposed by plaintiffs would not have cured the defect, the district court did not abuse its discretion in denying the motion to alter the judgment and amend the complaint. *See In re Am. Exp. Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir.1994)

Accordingly, the judgments of the district court are hereby AFFIRMED.